Justin Blitz. (JB 1584)
Fredrick A. Schulman (FS 7714)
**SCHULMAN, BLITZ & WILLIAMSON, LLP**
980 Avenue of the Americas – 4th Floor
New York, NY 10018
(212) 871-1300

*Attorneys for Plaintiff*

10 CIV 4907

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

FREDERICK PENN,

                    Plaintiff,

      -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, Police Officer JOHN DOE 1
and Police Officer JOHN DOE 2,

                    Defendants.
-----------------------------------------------------------------X

Civ. No.:

**COMPLAINT**

PLAINTIFF DEMANDS
A TRIAL BY JURY

Plaintiff, **FREDERICK PENN**, by his attorneys, **SCHULMAN, BLITZ & WILLIAMSON, LLP** complaining of the defendants, respectfully states and alleges as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for monetary damages (compensatory and punitive) against **THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, Police Officer JOHN DOE 1,** and **Police Officer JOHN DOE 2**, arising out of the false arrest, filing of false reports, false imprisonment and arrest, malicious prosecution, unlawful detention, negligent and intentional infliction of emotional distress and violating the federal Constitutional rights of plaintiff, **FREDERICK PENN**.

2. It is alleged that on April 29, 2009 at approximately 3:00 AM, **Police Officer JOHN**

1

DOE 1 (hereinafter "**DOE 1**") and **Police Officer JOHN DOE 2** (hereinafter "**DOE 2**"), of the **NEW YORK CITY POLICE DEPARTMENT** (hereinafter "**NYPD**"), and as agents, servants and/or employees of defendant **THE CITY OF NEW YORK** (hereinafter "**CITY**"), acting in concert and under color of law, intentionally and willfully subjected plaintiff **FREDERICK PENN** to, *inter alia*, false arrest, filing of false reports, false imprisonment, malicious prosecution, unlawful detention, negligent and intentional infliction of emotional distress and defendants violated the federal Constitutional rights of the plaintiff, **FREDERICK PENN**.

## THE PARTIES

3. At all times hereinafter mentioned, plaintiff **FREDERICK PENN** was and still is a resident of the County of Bronx, City and State of New York.

4. At all times hereinafter mentioned, defendant **CITY** was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

5. At all times hereinafter mentioned, defendant **NYPD** was and still is a subdivision, department and/or agency of defendant **CITY**.

6. At all times hereinafter mentioned, defendant **DOE 1** was an employee of defendant **CITY**, duly appointed and acting as a police officer in the **NYPD** and was an agent, servant and/or employee of defendant **CITY**, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

7. At all times hereinafter mentioned, defendant **DOE 2** was an employee of defendant **CITY**, duly appointed and acting as a police officer in the **NYPD** and was an agent, servant and/or employee of defendant **CITY**, acting in the course and scope of his employment as such and in furtherance of the interests and business of said employer.

8. At all times hereinafter mentioned, the individual defendants were acting under color of

state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

## JURISDICTION AND VENUE

9. This action is brought pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a), 42 U.S.C. §§ 1983 and 1985, the Fourth, Fifth and Fourteenth Amendments to the constitution of the United States and under the constitution, statutes and common law of the State of New York. This court may assert supplemental jurisdiction over the state law claims as authorized by 28 U.S.C. § 1367 (a).

10. Venue is laid within the United States District Court for the Southern District of New York and is proper in that defendant **CITY** is located, and a substantial part of the events giving rise to the claim occurred, within the boundaries of the United States District Court for the Southern District of New York.

## NOTICE OF CLAIM

11. That heretofore and on or about the 10th day of March, 2010, Plaintiff's Notice of Claim was duly served upon and filed with the defendants **CITY** and **NYPD**, within ninety (90) days after the cause of action herein accrued.

12. That prior to the commencement of this action, a statutory hearing was conducted of the plaintiff by defendants **CITY** and **NYPD** on May 12, 2010.

13. That at least thirty (30) days have elapsed since the demand or claim upon which this action is predicated was presented to the defendants **CITY** and **NYPD** for adjustment and they have neglected and/or refused to make adjustments or payment thereof.

14. That this action is not commenced more than one year and ninety days after the cause of action accrued.

## STATEMENT OF FACTS

15. At all times hereinafter mentioned, defendant **CITY** operated, maintained, managed, supervised and controlled a police department, specifically defendant **NYPD**, as part of and in conjunction with its municipal functions.

16. At all times hereinafter mentioned, defendants **DOE 1** and **DOE 2** were employees of defendant **CITY**.

17. At all times hereinafter mentioned, defendants **DOE 1** and **DOE 2** were employees of defendant **NYPD**.

18. At all times hereinafter mentioned, defendants **DOE 1** and **DOE 2** were personnel of defendant **CITY**.

19. At all times hereinafter mentioned, defendants **DOE 1** and **DOE 2** were personnel of defendant **NYPD**.

20. At all times hereinafter mentioned, defendant **CITY** employed and supervised defendants **DOE 1** and **DOE 2**.

21. At all times hereinafter mentioned, defendant **NYPD** employed and supervised defendants **DOE 1** and **DOE 2**.

22. Upon information and belief, defendants **DOE 1** and **DOE 2** were graduates of the Police Academy of the City of New York.

23. At all times relevant hereto, the defendant **CITY** had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendant officers **DOE 1** and **DOE 2**, to conform their conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to individuals

4

such as plaintiff herein. In addition, at all times relevant hereto, the defendant **CITY** had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officers **DOE 1** and **DOE 2**, in the protections of the rights of plaintiff under the Constitution and the Bill of Rights.

24. At all times relevant hereto, the defendant **NYPD** had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendant officers **DOE 1** and **DOE 2**, to conform their conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as not to intentionally, wantonly and/or negligently inflict injuries to individuals such as plaintiff herein. In addition, at all times relevant hereto, the defendant **NYPD** had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officers **DOE 1** and **DOE 2**, in the protections of the rights of plaintiff under the Constitution and the Bill of Rights.

25. At all times hereinafter mentioned, defendants **DOE 1** and **DOE 2** were acting in their capacities as employees, agents or servants of the defendant **CITY**.

26. At all times hereinafter mentioned, defendants **DOE 1** and **DOE 2** were acting in their capacities as employees, agents or servants of the defendant **NYPD**.

27. At all times hereinafter mentioned, defendants **DOE 1** and **DOE 2** were acting under color of law.

28. At all times hereinafter mentioned, the defendants' acts constituted state action.

29. On April 29, 2009 at approximately 3:00 AM, plaintiff **FREDERICK PENN** was a lawful pedestrian in the vicinity of 8th Avenue between 47th and 48th Street, in the County of New York, City and State of New York.

30.     On April 29, 2009 at approximately 3:00 AM in the vicinity of 8th Avenue between 47th and 48th Street, in the County New York, City and State of New York, plaintiff **FREDERICK PENN** was stopped, detained and arrested by defendants **DOE 1** and **DOE 2**, employees of defendant **CITY** and/or **NYPD**, without reasonable suspicion to stop or detain, and without just, reasonable, lawful or proper cause to arrest, the plaintiff, **FREDERICK PENN**.

31.     Upon information and belief, police officers **DOE 1** and **DOE 2**, employees of defendant **CITY** and/or **NYPD**, wrongfully and improperly stopped, detained and arrested plaintiff, **FREDERICK PENN**.

32.     On April 29, 2009, defendants **DOE 1** and **DOE 2**, employees of defendant **CITY** and/or **NYPD**, stopped, detained and arrested plaintiff, without reasonable suspicion to stop or detain, and without just, reasonable, lawful or proper cause to arrest the plaintiff **FREDERICK PENN**.

33.     On April 29, 2009, defendants **DOE 1** and **DOE 2**, employees of defendant **CITY** and/or **NYPD**, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative police behaviors and procedures, stopped, detained and arrested plaintiff **FREDERICK PENN** when it was not right, just, lawful, proper, or necessary to do so.

34.     On April 29, 2009, employees of defendants **CITY** and **NYPD**, including defendants **DOE 1** and **DOE 2**, while acting in concert, maliciously and with intent to injure plaintiff, and without just cause or any right to do so, handcuffed, detained, jailed and restrained the plaintiff, **FREDERICK PENN**, of his liberty, against the will of the plaintiff.

35.     At no time did the plaintiff **FREDERICK PENN** offer resistance as the defendants **DOE 1** and **DOE 2** arrested him.

36.     The arrest of the plaintiff **FREDERICK PENN** by defendants **DOE 1** and **DOE 2** was perpetrated without a warrant or other legal process and without probable cause.

37. Plaintiff **FREDERICK PENN** was falsely arrested under arrest number M09639472.

38. Plaintiff **FREDERICK PENN** was detained against his will without probable cause.

39. Defendants acted maliciously and intentionally.

40. Plaintiff **FREDERICK PENN** was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts of the defendants, and was confined in various facilities of defendants **CITY** and **NYPD**, including the Midtown North Precinct, Manhattan Central Booking and New York County Criminal Court, Rikers Island Correctional Facility and other facilities and locations.

41. Eventually, the plaintiff, **FREDERICK PENN**, was released from such confinement and detention.

42. Thereafter, the plaintiff was forced to return to court on multiple occasions, over a period of approximately ten months, appearing in public, and before the public, as a defendant, a person accused of criminal acts of which he was not guilty.

43. All charges against plaintiff **PENN** were subsequently dismissed or otherwise disposed of.

44. The foregoing enumerated acts of the defendants were all done without probable or just cause, grounds or provocation, and were excessive, unreasonable, unnecessary and without any privilege or justification.

45. By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, plaintiff **FREDERICK PENN** suffered violations of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person and freedom, as well as violations of his civil rights under 42 U.S.C. §§ 1983 and 1985.

46. By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, plaintiff **FREDERICK PENN** was caused severe and intense emotional anguish, humiliation, distress and embarrassment, and upon information and belief, will continue to suffer same.

46. By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, plaintiff **FREDERICK PENN** did suffer a loss of earnings, and upon information and belief, will continue to incur a loss of earnings in the future.

47. By reason of the foregoing acts by the defendants, and as a direct and proximate result of the acts of the defendants, plaintiff **FREDERICK PENN** was compelled to, and did incur legal fees and did necessarily pay and become liable for the costs thereof, and upon information and belief, plaintiff **FREDERICK PENN** will necessarily incur additional and similar legal fees in the future.

48. The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiff **FREDERICK PENN** under the Fourth and Fourteenth Amendments to the United States Constitution, including freedom from the unreasonable search and seizure of his person and freedom from the use of excessive, unreasonable and unjustified force against a person.

## FIRST CLAIM FOR RELIEF

### AGAINST INDIVIDUAL DEFENDANTS

VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983 and 42 U.S.C. §1985

48. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "48", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

49. Defendants Police Officer **JOHN DOE 1** and Police Officer **JOHN DOE 2**, with unlawful force and conduct, falsely arrested, detained and imprisoned Plaintiff in violation of his federal Constitutional rights under the fourth, eighth and fourteenth amendments of the United States Constitution and in violation of 42 USC § 1983.

50. The defendants, acting in concert and under the color of law, have deprived plaintiff **FREDERICK PENN** of civil, constitutional and statutory rights and have conspired to deprive plaintiff **FREDERICK PENN** of such rights and are liable to plaintiff **FREDERICK PENN** under 42 U.S.C. § 1983 and 42 U.S.C. §1985.

51. As a result of the foregoing, plaintiff **FREDERICK PENN** suffered injuries including but not limited to severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## SECOND CLAIM FOR RELIEF

AGAINST INDIVIDUAL DEFENDANTS

FALSE ARREST and FALSE IMPRISONMENT

52. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "51", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

53. The defendants arrested, detained and imprisoned plaintiff **FREDERICK PENN**, without warrant, and without reasonable, just or probable cause.

54. Defendants subjected plaintiff **FREDERICK PENN** to false arrest, imprisonment, and deprivation of liberty without probable cause.

55. Said actions were excessive, unwarranted, unnecessary and violent and violated plaintiff

**FREDERICK PENN**'s rights under the United State constitution and constituted false arrest and false imprisonment under New York State law.

56. As a result of the foregoing, plaintiff **FREDERICK PENN** suffered injuries including but not limited to severe and permanent emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

### THIRD CLAIM FOR RELIEF

AGAINST INDIVIDUAL DEFENDANTS

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "56", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

58. Defendants' extreme and outrageous conduct was intended to cause and did cause severe emotional distress to plaintiff **FREDERICK PENN**.

59. As a result of the foregoing, plaintiff **FREDERICK PENN** suffered injuries including but not limited to severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

### FOURTH CLAIM FOR RELIEF

AGAINST INDIVIDUAL DEFENDANTS

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "59", inclusive, of this Complaint, with the same force and effect as though more

fully set forth at length herein.

61. Defendants' conduct, in violating his federal Constitutional rights, falsely arresting and imprisoning plaintiff **FREDERICK PENN** was careless and negligent as to the emotional health of Plaintiff.

62. As a result of the foregoing, plaintiff **FREDERICK PENN** suffered injuries including but not limited to severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## FIFTH CLAIM FOR RELIEF

### AGAINST INDIVIDUAL DEFENDANTS

### COMMON LAW NEGLIGENCE

63. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "62", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

64. Defendants **DOE 1** and **DOE 2** were negligent in their conduct, in causing, or allowing, the aforesaid occurrence to take place.

65. As a result of the foregoing, plaintiff suffered injuries including but not limited to severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## SIXTH CLAIM FOR RELIEF

### MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY AND NYPD

### COMMON LAW NEGLIGENCE

66. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "65", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

67. Defendant **CITY**, was negligent in its operation, management, supervision and control of defendant **NYPD**.

68. Defendants **CITY** and **NYPD** were negligent in its hiring, training, supervising and evaluating its agents, servants and employees, including but not limited to defendants **DOE 1** and **DOE 2**.

69. As a result of the foregoing, plaintiff **FREDERICK PENN** suffered injuries including severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## SEVENTH CLAIM FOR RELIEF

MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY AND NYPD

*RESPONDEAT SUPERIOR*

70. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "69", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

71. Defendants **CITY** and **NYPD** are liable for the damages suffered by the plaintiff as a result of the conduct of its agents, servants and employees, under the doctrine of *respondeat superior*.

72. Defendants **CITY** and **NYPD** by their agents, servants and employees, subjected plaintiff to false arrest, false imprisonment, violation of his federal Constitutional rights, malicious prosecution, physical, emotional and psychological injuries, embarrassment, shame and public humiliation, loss of income, medical and legal expenses.

73. As a result of the foregoing, plaintiff **FREDERICK PENN** suffered injuries including but severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## EIGTH CLAIM FOR RELIEF

MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY AND NYPD

VIOLATION OF CIVIL RIGHTS AFFORDED BY
42 U.S.C. § 1983 and 42 U.S.C. §1985

74. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "73", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

75. Defendants **CITY** and **NYPD** knew or should have known of its employees', agents', and/or servants' propensity to engage in the illegal and wrongful acts detailed above.

76. Prior to April 29, 2009, defendants **CITY** and **NYPD** developed and maintained policies and/or customs exhibiting deliberate indifference and reckless disregard to the federal constitutional rights of persons in the City of New York, which policies and/or customs caused the violation of plaintiff's rights.

77. Upon information and belief, it was the policy and/or custom of defendants **CITY** and **NYPD** to improperly and inadequately investigate citizen and other complaints of police misconduct, and acts of misconduct were instead tolerated by defendants **CITY** and **NYPD**, including, but not limited to incidents where defendants and their supervisors have in the past falsely arrested individuals without probable cause, improperly held and/or detained such individuals without probable cause, and made, and allowed other fellow police officers and others

of its employees to make, false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

78. It was the policy and/or custom of defendants **CITY** and **NYPD** to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. Defendants **CITY** and **NYPD** did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

79. As a result of the above described policies and/or customs, police officers of the **NYPD** believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

80. The above policies and/or customs demonstrated a deliberate indifference and reckless disregard on the part of policymakers of the defendants **CITY** and **NYPD** to the constitutional rights of persons within the City of New York, and were the cause of the violations of plaintiff's rights alleged herein.

81. As a result of the foregoing, plaintiff **FREDERICK PENN** suffered injuries including but not limited to severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## NINTH CLAIM FOR RELIEF

DELAY AND DENIAL OF MEDICAL TREATMENT AND FAILURE TO PROTECT
WHILE IN CUSTODY

## VIOLATION OF CIVIL RIGHTS AFFORDED BY
## 42 U.S.C. § 1983

82. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "81", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

83. By their conduct and under color of law, defendants **DOE 1** and **DOE 2** deprived plaintiff of his federal constitutional rights pursuant to the Fourth, Fourteenth and Eighth Amendments to the United State Constitution, to immediate medical treatment and failed to protect him once he became a prisoner, thus perpetuating and exacerbating his physical and mental pain and suffering.

84. As a result of the foregoing, plaintiff **FREDERICK PENN** suffered injuries including but not limited to severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical expenses and legal expenses and claims damages for the aforesaid injuries.

## **TENTH CLAIM FOR RELIEF**
## **MALICIOUS PROSECUTION**

85. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "84", inclusive, of this Complaint, with the same force and effect as though more fully set forth at length herein.

86. Defendants, acting in concert, knowingly, intentionally, and maliciously caused a false criminal accusatory instrument to be filed against plaintiff **FREDERICK PENN.**

87. As a result of the foregoing, plaintiff **FREDERICK PENN** suffered injuries including but not limited to severe and permanent personal emotional injuries, severe and permanent psychological injuries, anguish, distress, humiliation, embarrassment, lost earnings, medical

expenses and legal expenses and claims damages for the aforesaid injuries.

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages on each Claim for Relief, and plaintiffs demands an additional sum of punitive damages on each Claim for Relief, to be determined at the trial of this action and, in the event plaintiffs are a prevailing party, attorneys' fees, interest, costs, disbursements and such other relief as to this Court shall seem just and proper.

### DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury as to all issues in the above matter.

Dated: New York, New York
June 22, 2010

Respectfully submitted,

SCHULMAN, BLITZ & WILLIAMSON, LLP
*Attorneys for Plaintiff*

by: _____
Justin M. Blitz (JB 1584)
Fredrick A. Schulman (FS 7714)
980 Avenue of the Americas, 4th Floor
New York, New York 10018
(212) 871-1300