UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

FREDERICK PENN,

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, Detective JOSE
VALENTIN (Shield No. 4489), Undercover # C0011
and Undercover # C0084,

Defendants,

-------------------------------------------------------------------X

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/17/11
```

**STIPULATION OF
SETTLEMENT AND ORDER OF
DISMISSAL**

10 CV 4907 (RJS)(HBP)

**WHEREAS,** plaintiff commenced this action by filing a complaint on or about

June 23, 2010, alleging that the defendant violated plaintiff's federal civil and state common law

rights; and

**WHEREAS,** defendant has denied any and all liability arising out of plaintiff's

allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation,

without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by

and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed against defendant The City of New

York[1], with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount

specified in paragraph "2" below.

---

[1] Upon information and belief, the individuals identified in the caption of the complaint as "Detective Jose Valentin, Shield No. 4489, Undercover Officer # C0011, Undercover Officer # C0084" have not been properly served and are therefore not proper defendants.

2

2. The City of New York hereby agrees to pay plaintiff FREDERICK PENN the sum of FORTY FIVE THOUSAND ($45,000.00) DOLLARS, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendant The City of New York, and any present or former employees and agents of the City of New York or any agency thereof, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3. Plaintiff shall execute and deliver to defendant's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph "2" above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the defendant that they in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

3

6. Plaintiff agrees to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
~~February~~ 9 , 2011

Justin Blitz, Esq.
Schulman Blitz, LLP
Attorneys for Plaintiff
980 Avenue of the Americas, 4th Floor
New York, NY 10018

By: _____
Justin Blitz, Esq.
*Attorney for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street, Rm. 3-141
New York, New York 10007
(212) 788-6405

By: _____
Meghan Cavalieri
Assistant Corporation Counsel

SO ORDERED:

_____
Hon. Richard J. Sullivan
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
Feb. 17 2011

4